J. MILLER EXPRESS, INC., Appellee,

v.

PENTZ et al., Appellants.

[Cite as *J. Miller Express, Inc. v. Pentz* (1995), 107 Ohio App.3d 44.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006059.

Decided Oct. 25, 1995.

*Jeffrey Schenk,* for appellee.

*Michael J. Duff,* for appellants.

REECE, Judge.

Appellants, Helen Pentz and Charles Haslage, appeal the trial court's grant of summary judgment in favor of appellee, J. Miller Express, Inc. We affirm.

## I

J. Miller Express, Inc. is a trucking company operating in Lorain County, Ohio. Miller Express contracted with Haslage and Pentz, who owned a tractor-trailer, to operate the vehicle. Miller Express became the carrier-lessee of the truck and Haslage and Pentz were the owner-lessors. Paragraph 25 of the motor vehicle lease agreement between the parties contained the following provision:

"The parties hereto understand that, under the regulations of the Interstate Commerce Commission, MILLER as a common carrier by motor vehicle, is required to assume certain responsibility with respect to the operations covered by this Agreement. OWNER shall be jointly and severally liable with MILLER for any and all claims and demands of nature or kind arising as a result of any operations under this Agreement within the responsibility imposed upon MILLER under the said regulations. OWNER shall be solely liable for any and all claims and demands of every nature or kind arising as a result of operations performed under this Agreement which are beyond the limits of the responsibility of MILLER imposed by the above regulations. OWNER shall assume without expense to MILLER the defense of any such claims, demands or actions. OWNER agrees to indemnify and save harmless MILLER from and against all claims, actions and demands of every nature or kind, whether within or without the responsibility imposed on MILLER under the above regulations, on account of injury to or death of persons, or damage to or loss of, property, caused by or resulting in any manner from act or omissions, negligence or otherwise, of OWNER, his agents or employees in performing or failing to perform any of the services, duties, or operations required to be performed by the said OWNER under this agreement."

On January 19, 1991, the driver of the tractor-trailer negligently collided with Charlotte Stapleton. Miller Express settled Stapleton's claim for $17,000. Miller Express then sought contribution and indemnification from Pentz and Haslage pursuant to paragraph 25. The trial court granted summary judgment in favor of Miller Express and awarded the company the $17,000. Pentz and Haslage timely appeal.

## II

Pentz and Haslage raise four assignments of error: (1) the trial court erred in granting summary judgment against Pentz when she was not a party to the lease; (2) the trial court failed to extend *Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Serv., Inc.* (1991), 58 Ohio St.3d 261, 569 N.E.2d 1049, to determine insurance coverage; (3) the trial court improperly granted indemnification because the indemnification clause was against public policy; and (4) the trial court wrongly granted indemnification because the clause was ambiguous.

Because all of these assignments of error challenge the propriety of the trial court's grant of summary judgment, this court applies the same standard as the trial court pursuant to Civ.R. 56(C): whether any genuine issues of material fact existed and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122.

## A

In the first assignment of error, Pentz argues that the trial court improperly found that she was a party to the lease of the truck. She contends that because she executed a power of attorney to Haslage over all "pay-offs, road taxes, etc." for the truck, she had no interest in the truck, and therefore did not have responsibility to indemnify Miller Express for its settlement.

The power of attorney stated as follows:

"I, Mrs. Helen Pentz * * * wish that all pay-offs, road taxes, etc., for my 1979 International—Serial # D2027JGB21703 with a 1984 Transcraft flatbed trailer—Serial # 1TTF45203E1020418—be paid to or put in the name of Charles Haslage and sent to [his] address * * *."

In its complaint, Miller Express alleged in averment 3 that Haslage and Pentz "were the owners of a tractor and trailer identified respectively as a 1979 International, Serial No. D2027JGB21703 and a 1980 Fruehauf, Serial No. FWT055403." Furthermore, Miller Express stated in averment 3 that "[d]efendants entered into a Motor Vehicle Lease Agreement relative to the above-referenced tractor and trailer. A copy of said Motor Vehicle Lease Agreement is

attached hereto and marked as Exhibit 'A'." In her answer to the complaint, Pentz stated, "Defendant admits the allegations in paragraph two (2)" and "admits the allegations contained in paragraph three (3)."

This court has stated that according to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact. *Rhoden v. Akron* (1988), 61 Ohio App.3d 725, 727, 573 N.E.2d 1131, 1132. Pentz resolved any doubt as to her ownership interest and entrance into the lease by admitting to the allegations in her answer. Furthermore, her argument on appeal that she only admitted to the fact that Miller Express attached accurate copies of the lease and power of attorney to its complaint lacks merit. The averment precisely sets forth its allegation. If Pentz wanted to deny in full or in part the allegation, she needed to follow Civ.R. 8. Because Pentz's answer admits her ownership of the truck and her interest in the lease, no genuine issue of material fact exists. Therefore, the trial court properly granted summary judgment in favor of Miller Express.

## B

Pentz's and Haslage's second and third assignments of error center on the validity of the indemnification clause. Simply put, they argue that they do not have to pay based on *Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Serv., Inc.* (1991), 58 Ohio St.3d 261, 569 N.E.2d 1049, and because the indemnification clause is void as against public policy.

The indemnification clause provides:

"OWNER agrees to indemnify and save harmless MILLER from and against all claims, actions and demands of every nature or kind, whether within or without the responsibility imposed on MILLER under the above regulations, on account of injury to or death of persons, or damage to or loss of, property, caused by or resulting in any manner from act or omissions, negligence or otherwise, of OWNER, his agents or employees in performing or failing to perform any of the services, duties, or operations required to be performed by the said OWNER under this agreement."

Haslage and Pentz contend that the rule in *Wyckoff* should preclude indemnification. In that case, the Supreme Court of Ohio established the rules governing liability for a carrier-lessee's operation of a vehicle registered with the Interstate Commerce Commission ("I.C.C.").[1] The court held that (1) liability shall be

---

1. The I.C.C. regulation states: "The lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee shall assume complete

determined according to I.C.C. regulations rather than according to common-law doctrines; (2) in order for liability to attach, it must be established that at the time of the accident a lease of the vehicle was in effect and that vehicle displayed the carrier-lessee's I.C.C. numbers; and (3) Section 1057.12(c)(1), Title 49, C.F.R., creates the irrebuttable presumption of an employment relationship between the carrier-lessee and the driver of a vehicle displaying the I.C.C. identification numbers of the carrier-lessee. *Wyckoff,* paragraphs one through three of the syllabus.

Miller Express incurred liability because it met all three requirements pursuant to *Wyckoff.* Pentz and Haslage argue that because Miller Express was liable to Stapleton, it also must incur sole responsibility for payment of damages. They rely on *Ohio Cas. Ins. Co. v. United S. Assur. Co.* (1993), 85 Ohio App.3d 529, 620 N.E.2d 163, in support of their position. In *Ohio Cas.,* the Court of Appeals for the Second Appellate District held that pursuant to *Wyckoff* the carrier-lessee's insurer is primarily responsible for coverage as between insurers for the carrier-lessee and the owner-lessor. *Id.* at 533, 620 N.E.2d at 165. Pentz and Haslage argue that *Ohio Cas.* places upon Miller Express the primary responsibility for coverage. Therefore, they do not have to pay.

■ Although Miller Express may have the primary responsibility to provide coverage through its insurer, we do not agree that this responsibility abrogates Miller Express's right of indemnification. The United States Supreme Court has held that a carrier-lessee can seek indemnification from an owner-lessor. *Transamerican Freight Lines, Inc. v. Brada Miller Freight Sys., Inc.* (1975), 423 U.S. 28, 40, 96 S.Ct. 229, 235, 46 L.Ed.2d 169, 179. In pre-*Brada Miller* decisions, the United States Court of Appeals for the Sixth Circuit and the Ohio Court of Appeals for the Twelfth Appellate District reached the same conclusion. *Jones Truck Lines, Inc. v. Ryder Truck Lines, Inc.* (C.A.6, 1974), 507 F.2d 100, 103; *Transamerican Freight Lines, Inc. v. Gateway Transp. Co.* (1975), 46 Ohio App.2d 220, 228–229, 75 O.O.2d 379, 383–384, 348 N.E.2d 366, 371. The thrust of these decisions was that as a matter of contract law, the carrier-lessee and the owner-lessor could agree to indemnification provisions. Such agreements did not controvert the I.C.C. regulations imposed upon the parties.

■ The parties' indemnification clause fell within the scope of *Brada Miller.* Clearly, Miller Express, Pentz and Haslage agreed to indemnification if an accident occurred. Here, Stapleton was injured and Miller Express paid. Thus, Miller Express should be able to recoup its payment from Haslage and Pentz. Furthermore, *Ohio Cas.* does not bar indemnification. That case did not deal

---

responsibility for the operation of the equipment for the duration of the lease." Section 1057.12(c)(1), Title 49, C.F.R.

with the issue of indemnification. It merely addressed the issue of determining the primary responsibility between insurers concerning coverage. Thus, the parties' agreement for indemnification will control.

In addition, the indemnification is not void as against public policy. Haslage and Pentz argue that the indemnification language "OWNER agrees to indemnify and save harmless MILLER from and against all claims * * * whether within or without the responsibility imposed on MILLER under the above regulations * * *" is worded so broadly that it removes all responsibility from Miller Express. We disagree. As we previously stated, indemnification is a matter of contract, and, thus, the parties can agree on the scope of their payment. Significantly, *Brada Miller, Ryder Truck,* and *Gateway Transp.* all allowed the carrier-lessee to seek indemnification for their liability imposed upon them by I.C.C. regulations. The indemnification provision between Miller Express, Haslage and Pentz operated in similar fashion. Thus, summary judgment was proper.

## C

In their fourth assignment of error, Pentz and Haslage contend that the trial court improperly granted summary judgment because the indemnification paragraph contained ambiguities giving rise to a genuine issue of material fact as to the effect of the paragraph. Furthermore, they argue that the indemnification paragraph constituted a contract of adhesion because they could not bargain on equal terms with Miller Express.

As to their assertion that the indemnification paragraph constituted a contract of adhesion, Pentz and Haslage do not point to any fact in the record supporting their contention that they could not bargain with Miller Express on equal terms. Having no basis to review this argument, we reject it.

Pentz and Haslage also argue that paragraph 25 creates ambiguity. They contend that the paragraph as written confuses the answer to the question of liability.

If an agreement is unambiguous on its face, courts will not create a construction contrary to its plain terms. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920, syllabus. If an indemnification clause is clear and unambiguous, a court shall enforce it despite its broad scope. See *Glaspell v. Ohio Edison Co.* (1987), 29 Ohio St.3d 44, 46–47, 29 OBR 393, 394–395, 505 N.E.2d 264, 265–266.

At issue are the first five sentences of paragraph 25. We determine that these sentences do not create ambiguity. The first sentence of the paragraph

requires that Miller Express assume its liability under the I.C.C. regulations. The second sentence then imposes joint and several liability upon the parties. In the third and fourth sentences, Pentz and Haslage assume liability and agree to defend claims which arise beyond the scope of Miller Express's responsibility. Finally the fifth sentence sets forth the specific terms of indemnification which we have upheld as valid. See Part IIB. Paragraph 25 does not contain ambiguity. The terms are clear and enforceable. Accordingly, no genuine issue of material fact exists as to this issue.

## III

All of appellants' assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., and SLABY, J., concur.