OPINION
Plaintiffs-appellants Victoria and Marvin Pope, personally and on behalf of their minor children, appeal from the trial court's order granting the summary judgment of the defendant-appellee University Settlement, Inc. The appellants originally filed this action seeking redress for lead poisoning suffered by their daughter, Autumn Barkley. In their amended complaint, the appellants sought compensation for injuries sustained by their other children: Amber Barkley, Marvin Jamal Barkley, Caleb Pope, Daminique Pope, Chantelle Pope, and Aleya Pope.
On November 17, 1997. the appellants moved for an extension of their discovery deadline. The court granted this request, and set a new discovery deadline of January 29, 1998. On December 2, 1997, the appellee requested an extension of the dispositive motion deadline. The court granted this motion, and extended the filing date to December 23. 1997. On that date the appellee filed its motion for summary judgment. The appellants' brief in opposition. filed on January 2, 1998, was a mere one and one-half pages. In it, the appellants presented only two arguments: 1) the appellee's evidence was not properly authenticated; and, 2) the appellee had failed to meet its burden under Celotex Corp. v.Catrett (1986), 477 U.S. 317 and Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108. The appellants requested an extension pursuant to Civ.R. 56(F) and pointed out to the court that the discovery deadline had not yet passed. The appellants submitted no evidence, save a copy of the appellee's motion for summary judgment and its attachments.
The appellants set forth two assignments of error. The appellants' first assignment of error:
 WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT FOR THE DEFENDANT-APPELLEE, UNIVERSITY SETTLEMENT, INC. IN VIOLATION OF THE STANDARDS REQUIRED BY RULE 56 AND RULES 56(E) 56(G) IN PARTICULAR?
In this assignment of error, the appellants assert that the court erred in granting the appellee's motion for summary judgment because the evidence attached to the motion was not properly authenticated. In particular, the appellants point out that the medical records, the monthly rental agreement, the attached newspaper article, and the letter from Lynn Markus, L.I.S.W. were not authenticated.
On the merits, the appellee asserts that their motion for summary judgment was properly granted because they had no prior notice of the lead paint condition in the home and that Autumn. Barkley had been diagnosed with plumbism a year prior to the family's move into the home. Procedurally, the appellee argues that absent the medical records, the appellants are without proof of their claim.
In Vahila V. Hall (1997), 77 Ohio St.3d 421, 428-429, the court cites to Mitseff v. Wheeler (1988), 38 Ohio St.3d 112 for the proposition that the burden of showing that no genuine issue as to any material fact falls upon the moving party requesting summary judgment. The moving party must state specifically which areas of the opponents claim raise no genuine issue of material fact. See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Vahila,supra at 429, citing to Dresher v. Burt (1996), 75 Ohio St.3d 280. Once the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Vahila, supra.
Under Civ.R. 56 (C), only depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact are permitted to support a motion for summary judgment. When evidence does not fall within these categories, and no affidavits or authenticating testimony is attached, the evidence may not support the motion for summary judgment. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. Likewise, documents not properly authenticated may not be considered by the court. GMAC v. Hollanshead (1995), 105 Ohio App.3d 17. Specifically, medical records not properly authenticated may not be considered. See Custard v. First National Bank (June 5, 1998), Sandusky App. No. S-97-058, unreported; Couch v. Bosma (Aug. 1, 1997), Hamilton App. No. C-960562, unreported; Watts v. Watts (March 18, 1994), Lucas App. No. CV91-0302, unreported.
In the case sub judice, the appellants admit in their amended complaint that Autumn Barkley ingested paint on July 22, 1996. It has been held that according to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact. St. Paul Fire Marine Co. v. Evans (Sept. 10, 1997), Cuyahoga App. No. 73937, unreported, citing to J. Miller Express,Inc. V. Pentz (1995), 107 Ohio App.3d 44. In the substituted affidavit of Mary Sanders, the appellee's executive director, she affirmed that:
 On or about July 25, 1996, US first learned that Autumn Barkley (one of the daughters in the Pope family) was experiencing problems with plumbism and had been hospitalized. US learned this information when Mr. Pope hand-delivered a letter from Mt. Sinai Hospital. This was the first time that anyone at US learned of any lead-related health problems with Amber or any lead-related complaints about the Home. Before then, I believed there were no lead-related problems at the Home. On or about July 29 or 30, 1996, US also received a mailed Violation Notice from the City of Cleveland about lead-related problems at the Home.
The appellants filed no affidavits or other evidence to rebut this statement. The appellee met its initial burden under Vahila,supra, and demonstrated that the injury of Autumn Barkley occurred prior to its receipt of notice of a harmful lead paint condition in the home. The appellants failed to meet its reciprocal burden and set forth specific facts showing that there is a genuine issue for trial. The trial court properly granted the appellee's motion for summary judgment as to Autumn Barkley.
Turning to the claims of Amber Barkley, Marvin Jamal Barkley, Caleb Pope, Daininique Pope, Chantelle Pope, and Aleya Pope, it may be noted that the amended complaint did not establish a date or set forth a time frame in which these children suffered injury. As stated supra, the appellee submitted the affidavit of Mary Sanders to establish that the first notice it received of lead paint in the home was July 25, 1996. The appellants failed to rebut this evidence. Thus, for the appellee to be liable for the injuries to these other children, their injuries must have been sustained subsequent to the July 25, 1996 notice.
The appellee also submitted the affidavit of Randy Danko, the man who oversaw the appellee's efforts to abate the lead paint in the home. In his affidavit, Mr. Danko states that the first work crew arrived at the home on July 29, 1996. Due to delays he attributed to the appellants, Mr. Danko affirmed that the first entry into the home for abatement work was on August 5, 1996. Mr. Danko stated that the work was completed on August 23, 1996.
The appellants' first assignment of error is not well taken.
The appellants' second assignment of error:
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT FOR THE DEFENDANT-APPELLEE, UNIVERSITY SETTLEMENT, INC. BEFORE ALLOWING THE PLAINTIFFS-APPELLANTS, VICTORIA AND MARVIN POPE, ET AL. THE OPPORTUNITY TO RESPOND PURSUANT TO RULES 56(E) AND 56(F) IN PARTICULAR?
In this assignment of error, the appellants argue that the court erred in permitting the appellee to file its motion for summary judgment on December 23, 1997, when the court had previously granted the appellants a continuance of the discovery deadline until January 29, 1998. The appellants also assert that the court erred in failing to grant their motion under Civ.R. 56 (F)
It is within a court's inherent authority to conduct the management of its cases and set appropriate discovery and briefing schedules. Here, the court set a dispositive motion deadline which would require the appellants to respond to the motion for summary judgment prior to the date set for the end of discovery. The court set no specific time by which the appellants were to respond to the appellee's motion. A party placed in this position might well argue that a trial court must seriously consider a properly filed motion under Civ.R. 56 (F). However, the appellants herein failed to submit a valid affidavit with their motion under Civ.R. 56(F) as required in State, ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12. Absent the required affidavit, the trial court did not err in refusing to consider the appellants' motion under Civ.R. 56 (F).
The appellants' second assignment is overruled.
Judgment affirmed.
This cause is affirmed.
It is, therefore, considered that said appellee recover of said appellants its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
DIANE KAPPINSKI, P.J., and TIMOTHY E. McMONAGLE. J. CONCUR.
JAMES D. SWEENEY