DECISION.
{¶ 1} Plaintiff-appellant Nathaniel Burdge appeals the judgment entered by the trial court in favor of the defendants after the court's denial of his Civ.R. 55(A) motion for a default judgment. For the following reasons, we reverse and remand for further proceedings.
 {¶ 2} On July 16, 2004, Burdge sued defendants-appellants On Guard Security Services, Inc., ("On Guard"), John Woods, and Bert Henry for violations of the Telephone Consumer Protection Act ("TCPA"), the Ohio Consumer Sales Practices Act ("OCSPA"), and the Ohio Telephone Sales Solicitation Act ("TSSA"). The complaint alleged that in March 2004 the defendants placed a telemarketing call to Burdge's residence. The call was answered by his wife, who told the defendants to place her on their "do not call list." The complaint then alleged that in July 2004 the defendants initiated a pre-recorded telemarketing call to Burdge's residence, despite his wife's request that their residence be placed on the "do not call list." Burdge also alleged that he requested a copy of On Guard's "do not call" policy, which On Guard could not produce.
 {¶ 3} Service of the complaint was perfected on each defendant by certified mail on July 23, 2004. Woods and Henry, employees and/or officers of On Guard, moved for extensions to file their respective answers to the complaint. The trial court granted their request, and they each had until September 20, 2004, to file their answers. Woods moved for an extension for On Guard to file its answer, but that motion was stricken because On Guard is a corporation, and, under Ohio law, a corporation must be represented by a licensed attorney. Woods was not a licensed attorney.
 {¶ 4} None of the three defendants filed an answer to Burdge's complaint. Accordingly, on October 13, 2004, Burdge moved for a default judgment under Civ.R. 55(A). A hearing was scheduled for December 14, 2004. Although the defendants were properly served with a notice of that hearing, only Burdge appeared. Ultimately, the trial court denied Burdge's motion and entered judgment in favor of the defendants.
 {¶ 5} Burdge now appeals, bringing forth a single assignment of error in which he contends that the trial court erred by entering judgment in favor of the defendants and denying his Civ.R. 55(A) motion for a default judgment.
 {¶ 6} "A default judgment is proper when * * * a defendant has not contested the plaintiff's allegation by pleading or `otherwise defend[ing]' such that no issues are present in the case."[1] Civ.R. 55(A) provides that a default judgment may be rendered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in these rules."
 {¶ 7} Civ.R. 8(D) provides that [a]verments in a [complaint] to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." In other words, if a party fails to deny the specific allegations of a complaint against it, those allegations are considered admitted by the party. The effect of an admission of an allegation is that the plaintiff does not have to prove that allegation. "According to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact."[2]
 {¶ 8} Here, Burdge's complaint alleged conduct by the defendants that required a responsive pleading. Because none of the defendants filed a responsive pleading denying the allegations, the trial court, under Civ.R. 8(D), must have construed those allegations as admitted. Because the allegations were admitted, there was no contest in this case. Accordingly, the trial court erred by denying Burdge's Civ.R. 55(A) motion and by instead, entering judgment in favor of the defendants. When a defendant has failed to contest the allegations raised in the complaint, "it is proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims."[3]
Burdge's assignment of error is sustained.
 {¶ 9} Accordingly, we reverse the judgment of the trial court and remand this case for a determination whether the admitted allegations constitute violations of the TCPA, OCSPA, and TSSA, and, if so, for a determination of damages.
Judgment reversed and cause remanded.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] Reese v. Proppe (1981), 3 Ohio App.3d 103, 105,443 N.E.2d 992.
[2] J. Miller Express, Inc. v. Pentz (1995),107 Ohio App.3d 44, 48, 667 N.E.2d 1018, citing Rhoden v. Akron (1988),61 Ohio App.3d 725, 727, 573 N.E.2d 1131.
[3] Reese, supra.