JOURNAL ENTRY AND OPINION
{¶ 1} On July 13, 2006, plaintiffs-appellants Charles Harper, Ali Mohammadpour, David Rose and Beverly Speer ("appellants") filed their complaint against defendant-appellee New England Handpiece Repair, Inc. ("New England") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.S. _227. For the reasons that follow, we affirm.
 {¶ 2} New England did not file an answer after appellants perfected service. On September 18, 2006, appellants filed a motion for default judgment.
 {¶ 3} On November 1, 2006, the trial court called the case for default hearing. The appellants appeared; however, New England failed to appear. The trial court granted default judgment in favor of appellants and set the matter for a hearing on damages. *Page 3 
 {¶ 4} On November 21, 2006, the trial court held a hearing on damages and awarded appellants $3,500.
 {¶ 5} The facts giving rise to the instant case occurred during 2002 and 2003 when appellants received a total of seven unsolicited facsimile advertisements from New England as follows: Charles Harper received a facsimile advertisement on August 28, 2002, April 22, 2003, and June 12, 2003; Ali Mohammadpour received one facsimile advertisement on September 30, 2003; David Rose received a facsimile advertisement on July 19, 2002 and August 14, 2002; and lastly, Beverly Speer received one facsimile advertisement on August 16, 2002.
 {¶ 6} On December 8, 2006, appellants filed the instant appeal, raising one assignment of error as follows:
 "The trial court erred by failing to hold that the Appellee acted willfully and/or knowingly in transmitting faxed advertisements in violation of the Telephone Consumer Protection Act, and therefore this court should reconsider and reverse the Trial Court's ruling with regard to this issue."
 {¶ 7} The TCPA prohibits transmission of unsolicited facsimile advertisements. 47 U.S.C.S. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C.S. § 227(a)(5). The statute makes it unlawful "for any person within the United States * * * to use any telephone facsimile machine * * * to send, to a telephone facsimile machine, an unsolicited advertisement * * *." 47 U.S.C.S. § 227(b)(1)(C). *Page 4 
 {¶ 8} Civ.R. 54(C) reads, in part: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The TCPA mandates that a defendant is liable for either actual damages or $500 for each unsolicited advertisement, whichever is greater. 47 U.S.C.S. § 227(b)(3). However, where a court finds defendant willfully or knowingly violated the TCPA, the court may, in its discretion, award treble damages. 47 U.S.C.S. § 227(b)(3). In light of the foregoing, appellants argue that when a defendant fails to appear or answer allegations of TCPA violations, the trial court is required, pursuant to Civ.R. 8(D), to deem admitted the "knowingly" and "willfully" elements of the TCPA, thus entitling appellants to treble damages. Civ.R. 8(D) states:
 "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."
 {¶ 9} The First District Court of Appeals held the following regarding Civ.R. 8(D) and the TCPA:
 "Because none of the defendants filed a responsive pleading denying the allegations, the trial court, under Civ.R. 8(D), must have construed those allegations as admitted. Because the allegations were admitted there was no contest in this case." Burdge v. On Guard Security Services, 1st Dist. No. C-050522, 2006-Ohio-2092.
 {¶ 10} Here, there is no evidence that the trial court failed to do the same. Appellants cite to no authority that requires the trial court to make findings in its journal entry or on the record regarding the elements of "knowingly" or "willfully" as set forth in the TCPA. Appellants cite Bransky v. Shahrokhi, Cuyahoga App. No. *Page 5 
84262, 2005-Ohio-97, in support of their contention regarding "knowingly" and "willingly." However, Bransky held that the trial court erred in awarding less than the statutory minimum in a default hearing. Thus, Bransky is inapplicable to the case sub judice.
 {¶ 11} 47 U.S.C.S. § 227 makes clear that the trial court may increase the award to an amount equal to not more than treble damages, in itsdiscretion. The mere fact that the trial court chose not to award greater than $500 per facsimile transmission is not evidence that the trial court "disregarded a party's admissions made via Ohio Civ. Rule 8(d)."
 {¶ 12} Nor can we find that the trial court "refused to determine whether the appellants are entitled to enhanced damages." There is no transcript of the default hearing or the damages hearing, if any, on appeal for our review. Thus, we have only the trial court's journal entries, which state:
 "Case called for default hearing. Plaintiff has failed to provide the court with an affidavit of damages. Hearing on damages is set for 11/21/06 at 9:00 a.m. Evidence to be presented." (J.E. 11/06/06)
 "Case called for hearing. Counsel for plaintiffs present. Defendants failed to appear. The court hereby grants judgment for plaintiffs in the amount of $3,500.00. Court cost[s] assessed to the defendant(s)." (J.E. 11/27/06)
 {¶ 13} In presuming the regularity of proceedings, and in light of the fact we find no authority requiring the trial court to make findings via transcript or via journal entry as to the elements of "knowingly" or "willfully," we cannot find that the trial court abused its discretion in the instant case. *Page 6 
 {¶ 14} Thus, we overrule appellants' sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1