ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant David Bransky appeals the Lyndhurst Municipal Court's award of $500 for his claims against appellee Hamid Shahrokhi, d.b.a. Nutrition Solutions, for violations of the Federal Telephone Consumer Protection Act ("TCPA") and the Ohio Consumer Sales Practices Act ("CSPA"). Bransky assigns the following three errors for our review:
 {¶ 2} "I. The trial court erred by refusing to consider or grant damages for appellant under the Ohio Consumer Sales Practices Act (CSPA), nothwithstanding that it is undisputed that appellee committed acts which constitute violations of R.C.1345.02(A) of the CSPA."
 {¶ 3} "II. The trial court erred by refusing to consider or grant damages to appellant under the federal Telephone Consumer Protection Act (TCPA) and the Ohio Consumer Sales Practices Act (CSPA) for appellee's illegal and deceptive act of sending an advertisement by fax without clearly identifying the name and telephone number of the sender."
 {¶ 4} "III. The trial court erred in refusing to consider or grant reasonable attorney fees to appellant under R.C. 1345.09(F) of the Ohio Consumer Sales Practices Act (CSPA)."
 {¶ 5} Having reviewed the record and relevant law, we reverse and remand the trial court's decision for further proceedings. The apposite facts follow.
 {¶ 6} Bransky sued Nutrition Solutions for violating the TCPA and the Ohio CSPA for sending him an unsolicited facsimile containing an advertisement for a weight loss product.[1]
The TCPA was enacted to rid consumers of unsolicited "junk faxes," which obligate the consumer to pay the price of the ink and paper for the advertisement and blocks the consumer's fax machine from receiving other faxes while the advertisement is being sent. Under 47 U.S.C.S. § 227(b)(1) of the TCPA, it is unlawful for any person within the United States to "use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." Ohio Courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.[2]
 {¶ 7} The trial court served Nutrition Solutions by issuing a summons with the complaint attached, via certified mail. The summons was returned as "unclaimed." The trial court thereafter served Nutrition Solutions by ordinary mail. On October 30, 2003, the trial court entered notice that service had been perfected and an answer was to be filed by November 4, 2003. Nutrition Solutions failed to answer or otherwise appear; therefore, the trial court granted Bransky's motion for default judgment in the amount of $500, which was less than the $3,600 Bransky demanded for compensatory damages. Bransky also made a demand pursuant to R.C. 1345.09(F)(2) for attorney fees and attached an attorney fee invoice for $510 to the complaint. Bransky appeals.
 {¶ 8} We will address Bransky's assigned errors together because they share the common issue regarding whether the trial court awarded inadequate damages.
 {¶ 9} At the outset, we note the trial court's journal entry does not detail which claims are included in the $500 award. The court stated:
{¶ 10} "This matter came on for consideration on plaintiff'sMotion for Default Judgment. The court finds that a complaint wasfiled on September 8, 2003 and that service was perfected onOctober 7, 2003. The court further finds that defendant is indefault of an answer or other responsive pleading. It istherefore ordered, adjudged and decreed that judgment be awardedin favor of plaintiff against defendant in the sum of $500.00 andcosts."[3]
 {¶ 11} Because we conclude this amount, in any form, is an inadequate award of damages, we need not remand for clarification. Instead, in the interest of judicial economy, we will address the merits of the appeal.
 {¶ 12} A trial court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard.[4] Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).[5] Civ.R. 55(C) provides that "in all cases a judgment by default is subject to the limitations of Rule 54(C)." Civ.R. 54(C)'s limitations on default judgments are contained in its first sentence, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The Civil Rules are "the law of this state with regard to practice and procedure in our state courts."[6] Therefore, the question of whether a trial court's award of damages in a default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is one of law, which we review de novo.[7]
 {¶ 13} Bransky demanded in his complaint $3,600 in compensatory damages. This amount was comprised of damages set forth in 47 U.S.C.S. § 227(b)(3) and R.C. 1345.09(B).
 {¶ 14} 47 U.S.C.S. § 227(b)(3) provides for the following damages:
{¶ 15} "A person or entity may, if otherwise permitted by thelaws or rules of court of a State, bring in an appropriate courtof that State —
 {¶ 16} "* * *
 {¶ 17} "(B) an action to recover for actual monetary loss fromsuch a violation, or to receive $500 in damages for each suchviolation, whichever is greater, * * *.
 {¶ 18} "If the court finds that the defendant willfully orknowingly violated this subsection, or the regulations prescribedunder this subsection, the court, may, in its discretion,increase the amount of the award to an amount equal to not morethan 3 times the amount available under subparagraph (B) of thisparagraph."
 {¶ 19} Bransky alleged two claims against Nutrition Solutions for "willfully or knowingly" violating this provision and requested treble damages in the amount of $1,500 for each claim.
 {¶ 20} R.C. 1345.09(B) provides for the following damages:
{¶ 21} "(B) Where the violation was an act or practicedeclared to be deceptive or unconscionable by rule adopted underdivision (B)(2) or section 1345.05 of the Revised Code before theconsumer transaction on which the action is based, or an act orpractice determined by a court of this state to violate section1345.02 or 1345.03 of the Revised Code and committed after thedecision containing the determination has been made available forpublic inspection under division (A)(3) of section 1345.05 of theRevised Code, the consumer may * * * recover, * * * three timesthe amount of his actual damages or two hundred dollars,whichever is greater * * *."
 {¶ 22} Bransky alleged three claims against Nutrition Solutions under the CSPA and requested damages of $200 for each claim.
 {¶ 23} Bransky also requested attorney fees pursuant to R.C.1345.09(F)(2) and attached an invoice to the complaint for fees totaling $510. R.C. 1345.09(F)(2) provides that a "court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed if * * * the supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 24} Thus, it is apparent from the face of these provisions that the trial court's award of $500 is less than the statutory minimum and clearly does not provide for reasonable attorney fees. We conclude the trial court erred by failing to award Bransky the mandatory statutory amount of damages on each of his claims. Therefore, we remand the matter for the trial court to conduct a damages hearing pursuant to Civ.R. 55(A) to determine the statutory amount Bransky is entitled to, i.e. whether treble damages should be awarded, and whether the attorney fees are reasonable. Accordingly, we sustain Bransky's three assigned errors.
 {¶ 25} Judgment reversed and case remanded for further proceedings.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Karpinski, J., concur.
[1] Bransky also asserted claims pursuant to R.C. 4719.02(A), failure to register as a telephone solicitor, and R.C.4719.04(A), failure to obtain a surety bond; however, he does not raise these claims in his appeal. We therefore will not address them.
[2] Chambers v. RC Delivery (May 2, 2002), Cuyahoga Common Pleas Case No. 437887; Compoli v. EIP Limited (July 2, 2002), Cuyahoga Common Pleas Case No. 446780; Grady v. St. CloudMortgage (Mar. 7, 2003), Cuyahoga Common Pleas Case No. 484945;Jemiola v. XYZ Corp, 126 Ohio Misc.2d 68, 2003-Ohio-7321.
[3] Trial Court Order, February 3, 2004.
[4] Huffer v. Cicero (1995), 107 Ohio App.3d 65, 74.
[5] Nat'l City Bank v. Shuman, 9th Dist. No. 21484, 2003-Ohio-6116.
[6] Rockey v. 84 Lumber Co. (1993), 66 Ohio St.3d 221, 224.
[7] Nat'l City Bank, supra.