ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} Appellants Lisa Vallo and Joseph Rowe appeal from the decision of Parma Municipal Court, which awarded default judgment in favor of Appellee Lydia Masny. On appeal, they assign the following error for our review:
"I. The maximum amount that could legally be awarded to theplaintiff-appellee as a default judgment in this case is $650.00, as theamount prayed for in plaintiff-appellee's demand for judgment ($600.00plus filing fees). Accordingly, the trial court erred in awarding$3,275.00, plus interest at ten percent, when it was limited to enteringdefault judgment in the amount of $695.00."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} In February 2003, tenants, Vallo and Rowe, entered into a residential rental agreement with their landlord, Lydia Masny. Pursuant to the agreement, they were renting an apartment located at 2920 Snow Road, Parma, Ohio. The agreement was for a one-year term commencing February 2003 and ending January 31, 2004. The agreed rent was $550 monthly. A $25 fee would be assessed for any late rent payment. Further, a security deposit of $600 was required upon execution of the lease. Finally, the agreement provided that the landlord would pay water and sewer charges and provide garage parking for one car.
 {¶ 4} In September 2003, Vallo and Rowe were late in making the rent payment. In October 2003, Vallo and Rowe failed to pay the rent altogether. Consequently, on October 21, 2003, Masny gave Vallo and Rowe three days' notice to vacate the property. Thereafter, on October 27, 2003, Masny filed a complaint against Vallo and Rowe, initiating an action in forcible entry and detainer in the Parma Municipal Court. The complaint's second cause of action prayed for judgment in the amount of $600 plus the filing fee. This amount consisted of the $25 late fee due for the month of September 2003, and $575 for the rent and late fee due for the month of October 2003.
 {¶ 5} On November 17, 2003, the trial court bifurcated Masny's claim for damages from her demand for restitution of the premises. By journal entry filed November 25, 2003, the trial court issued a writ of restitution ordering that Vallo and Rowe be removed from the premises on or before November 30, 2003. Thereafter, on November 26, 2003, Vallo and Rowe vacated the premises, but failed to file an answer.
 {¶ 6} On December 4, 2003, Masny filed a motion for default judgment on her bifurcated claim for damages. The trial court scheduled the evidentiary hearing for February 24, 2004, and issued notices to Vallo and Rowe.
 {¶ 7} At the evidentiary hearing, Masny claimed rent and late fees for the months of October and November 2003, totaling $1,150, September late fee, totaling $25, rents for December 2003 and January 2004 representing the balance of the lease, totaling $1,100, and damage to the property totaling $905. On February 25, 2004, the trial court entered default judgment in favor of Masny. Masny was awarded judgment in the amount of $3,275 with interest at the rate of ten percent from October 1, 2003.
 {¶ 8} On April 7, 2004, Vallo and Rowe filed a pro se motion to vacate the default judgment, and on May 13, 2004 filed a motion for relief from judgment. On June 1, 2004, the trial court denied both motions. Vallo and Rowe now appeal.
 {¶ 9} In their sole assigned error, Vallo and Rowe argue the trial court erred in not granting their motion for relief from judgment. We agree.
 {¶ 10} Civ.R.60(B) provides, in its entirety, as follows:
"MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE;FRAUD; ETC. On motion and upon such terms as are just, the court mayrelieve a party or his legal representative from a final judgment, orderor proceeding for the following reasons: (1) mistake, inadvertence,surprise or excusable neglect; (2) newly discovered evidence which by duediligence could not have been discovered in time to move for a new trialunder Rule 59(B); (3) fraud (whether heretofore denominated intrinsic orextrinsic), misrepresentation or other misconduct of an adverse party;(4) the judgment has been satisfied, released or discharged, or a priorjudgment upon which it is based has been reversed or otherwise vacated,or it is no longer equitable that the judgment should have prospectiveapplication; or (5) any other reason justifying relief from the judgment.The motion shall be made within a reasonable time, and for reasons (1),(2) and (3) not more than one year after the judgment, order orproceeding was entered or taken. A motion under this subdivision (B) doesnot affect the finality of a judgment or suspend its operation. Theprocedure for obtaining any relief from a judgment shall be by motion asprescribed in these rules."
 {¶ 11} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.[1] The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[2]
 {¶ 12} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that:
"(1) the party has a meritorious defense or claim to present if reliefis granted; (2) the party is entitled to relief under one of the groundsstated in Civ.R. 60(B)(1) through (5); and (3) the motion is made withina reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment, order orproceeding was entered or taken."[3]
 {¶ 13} If any of these three requirements is not met, the motion should be overruled.[4]
 {¶ 14} In the case sub judice, Vallo and Rowe specifically contend that the default judgment in Masny's favor for an amount over and above the amount prayed for was improper, thus, under Civ.R. 60(B)(5) qualifies as "any other reason justifying relief from judgment." We now address the propriety of the default judgment granted.
 {¶ 15} A trial court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard.[5] Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).[6] Civ.R. 54(C) limits default judgments in its first sentence, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The Civil Rules are the law of this state with regard to practice and procedure in our state courts.[7]
 {¶ 16} Here, in her initial complaint and motion for default judgment, Masny demanded judgment in the amount of $695. However, the trial court awarded $3,275 after Masny furnished an itemized statement of additional expenses at the evidentiary hearing. The trial court's decision contravened the spirit of Civ.R. 54(C), because Vallo and Rowe had no notice they would be liable for the additional amount.
 {¶ 17} Recently, in Bransky v. Shahrokhi,[8] this court held that pursuant Civ. R. 54(C) and 55(C), the damages in a default judgment were not to differ from what was sought in the complaint. In Bransky, the plaintiff demanded $3,600 in damages, as well as attorney fees pursuant to R.C. 1345.09(F)(2), the trial court entered an award of $500. This court held that the trial court's award was improper under Civ.R. 54(C).
 {¶ 18} The purpose behind Civ.R. 54(C) is to give a party notice of what its liability may be if it fails to raise a defense to the action.[9] The Civil Rules, along with fundamental due process, require that a defendant not be subjected to an additional, unpled monetary liability as a consequence of his failure to answer a complaint.[10]
 {¶ 19} Vallo and Rowe cite Buckley v. Lucas[11] to support their argument that the trial court's decision granting default judgment in excess of the amount prayed for contravened the spirit of Civ.R. 54(C). We agree that Buckley is directly on point. In Buckley, the landlord filed a complaint in forcible entry and detainer against tenant. In his prayer for relief, the landlord asked for restitution of the premises, and a sum certain of $560 that included future rent, costs and attorney fees, and such other relief as was just and equitable. The trial court bifurcated the landlord's claim for restitution from his claim for damages, and issued an order for tenant's removal. The tenant never answered the complaint, and the landlord filed a default judgment for damages, which was granted by the trial court in the amount of $1,976.46. The tenant challenged the sum of the default judgment. On appeal, the court held that once the action was bifurcated, the claim for damages was governed by procedural rules. Civ.R. 54(C) states that a default judgment cannot exceed the amount prayed for in the demand for judgment. Consequently, the court allowed the sum certain pled by the landlord, but reversed the additional amount included by the trial court because the tenant did not have sufficient notice of the additional damage claim.
 {¶ 20} We conclude that the trial court abused its discretion by not granting Vallo and Rowe relief from the default judgment. The trial court's failure to comply with Civ.R. 54(C) constitutes a sufficient ground under Civ.R. 60(B)(5) justifying relief from judgment. Further, in support of alleging a meritorious defense, Vallo and Rowe claimed they did not anticipate that the trial court would have entered a judgment in excess of the amount prayed for in Masny's complaint. Here, we acknowledge Vallo and Rowe only needed to show that they had a colorable claim or defense to present if the motion for relief was granted.[12]
Finally, it is undisputed that Vallo and Rowe filed their motion for relief from judgment in a reasonable time. Accordingly, we sustain Vallo and Rowe's sole assigned error. We order the Parma Municipal Court to enter judgment in the amount prayed for in the Complaint.
 {¶ 21} Judgment reversed and cause remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Corrigan, J., concur.
[1] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[2] Nakoff v. Fairview General Hospital, 75 Ohio St.3d 254, 256-257,1996-Ohio-159.
[3] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[4] Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
[5] Huffer v. Cicero (1995), 107 Ohio App.3d 65, 74.
[6] Nat'l City Bank v. Shuman (Nov. 19, 2003), 9th Dist. No. 21484.
[7] Rockey v. 84 Lumber Co. (1993), 66 Ohio St.3d 221, 224.
[8] Cuyahoga App. No. 84262, 2005-Ohio-97.
[9] Nieman v. Bunnell Hill Dev. Co. (Jan. 12, 2004), 12th No. CA2002-10-249; see also Fink, Greenbaum, and Wilson, Guide to the Ohio Rules of Civil Procedure (2004 Ed.) 54-16, Section 54:10.
[10] Glazier v. Hall (Aug. 9, 1994), 5th No. 1076.
[11] (June 8, 1999), 5th Dist. No. 98CA14.
[12] See Colley v. Bazell (1980), 64 Ohio St.2d 243, 247.