JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants Eric and Sandra Phillips appeal the trial court's granting of summary judgment in favor of appellees, Tower City Title Agency, Inc., First Cleveland Mortgage, Fidelity Commerce Mortgage, Raggaela Lanzalaco, America's Choice Title Agency, Inc., Akron Cleveland Real Estate, and Axis Financial (collectively "Tower City Title"). The Phillips set forth the following two errors for our review:
 "I. The trial court erred to the prejudice of defendants/appellants by failing to grant defendants/ appellants' motion for summary judgment."
 "II. The trial court erred to the prejudice of defendants/ appellants by granting plaintiffs/appellees' motion for summary judgment."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} It is undisputed that Tower City Title, (and its fellow plaintiffs) between the years of 2002 to 2005, received a combined total of 111 unsolicited facsimiles from an entity called "Financial Link Services." The facsimiles indicated that Financial Link Services was located in California. A search of the California Secretary of State records revealed that Financial Link Services was not incorporated when the facsimiles were sent. The entity was also not listed as a trade name or a "dba" corporation. However, Tower City Title discovered that Financial Link Services, which is the only named entity appearing on the facsimiles, *Page 4 
was owned by Eric and Sandra Phillips. The San Diego Better Business Bureau listed Sandra Phillips as the owner of Financial Link Services; the registered domain of the listed email address indicated that Eric Phillips was the owner.
 {¶ 4} Tower City Title filed a complaint against Eric and Sandra Phillips, personally "doing business as Financial Link Services" for the unsolicited facsimiles in violation of both the Telephone Consumer Protection Act, Title 47 U.S.C. § 227 ("TCPA") and the Ohio Consumer Sales Practice Act ("CSPA").[1]
 {¶ 5} The TCPA was enacted to rid consumers of unsolicited "junk faxes," which obligate the consumer to pay the price of the ink and paper for the advertisement and blocks the consumer's fax machine from receiving other facsimiles while the advertisement is being sent.[2]
Under 47 U.S.C.S. § 227 (b)(1) of the TCPA, it is unlawful for any person within the United States to "use any telephone facsimile machine, computer, or other device to send an unsolicited *Page 5 
advertisement to a telephone facsimile machine." Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02
of the Ohio CSPA.[3]
 {¶ 6} Both parties filed cross motions for summary judgment. The trial court denied the Phillips' motion for summary judgment and granted Tower City Title's motion for summary judgment, awarding damages in the total amount of $55,000 plus interest.
 Motion for Summary Judgment {¶ 7} We will address the Phillips' two assigned errors together as they both concern the trial court's grant of summary judgment in favor of Tower City Title.
 {¶ 8} We review an appeal from summary judgment under a de novo standard of review.[4] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[5] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence *Page 6 
most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party.[6]
 {¶ 9} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[7] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact.[8]
 {¶ 10} The Phillips do not deny that the facsimiles were sent, but contend they cannot be held personally liable for sending the facsimiles. The Phillips claim Financial Link Services was retained to send the facsimiles on behalf of a California corporation by the name of FLS Financial Corporation. Eric and Sandra Phillips are two of the three directors of the California corporation. They contend that because shareholders and directors are not liable for the acts of their corporation, they cannot be held liable for sending the unsolicited facsimiles.
 {¶ 11} A review of the facsimiles sent by Financial Link Services does not indicate they were sent on behalf of FLS Financial Corporation. Rather, each facsimile transmission prominently features the names "Financial Link Services," "www.FinancialLinkServices.com," "www.800Credit911.com," and display the *Page 7 
Financial Link Services logo. The TCPA clearly attaches liability for unsolicited facsimile advertisements upon the entity that sends the facsimiles or upon the entity on whose behalf the facsimiles were sent.[9]
 {¶ 12} The documents also indicated that the sender was a member of the San Diego Better Business Bureau. Tower City Title's search of the Bureau's website lists two companies known as Financial Link Services. Both companies were listed as being owned by Sandra Phillips, individually. There is no FLS Financial Corporation registered with the Better Business Bureau. Likewise, the website address provided in the facsimiles refers to a domain registered to Financial Link Services and "Eric Phillips, owner."
 {¶ 13} Therefore, on their face, the facsimiles were not sent on behalf of the corporate entity, FLS Financial Corporation. Everything listed on the facsimiles relates back to Financial Link Services, which is personally owned by the Phillips.
 {¶ 14} The Phillips contend that the copies of the facsimiles attached to Tower City Title's motion for summary judgment were not verified by affidavit; therefore, they contend the documents cannot be considered. However, a review of the record indicates the Phillips never objected to the authenticity of these documents. Therefore, they waived any objection to the authenticity of the documentary evidence.[10]
Accordingly, the Phillips' two assigned errors are overruled. *Page 8 
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Tower City Title also requested injunctive relief. The trial court did not expressly dispose of the claim for injunctive relief, and the judgment entry does not contain a Civ.R. 54(B) certification. Although all of the claims are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims rendered the remaining claims moot, then compliance with Civ.R. 54(B), providing for a determination that there is no just reason for delay, is not required to make the judgment final and appealable. General Acc. Ins. Co. v.Insurance Co. of North America (1989), 44 Ohio St.3d 17; Wise v.Gursky (1981), 66 Ohio St.2d 241. We conclude the court's granting of summary judgment as to Tower City Title's claim for damages rendered moot Tower City Title's claim for injunctive relief. Therefore, the judgment entry constitutes a final, appealable order.
[2] Bransky v. Shahrokhi, Cuyahoga App. No. 84262, 2005-Ohio-97
at ¶ 6.
[3] Bransky, supra; Chambers v. R C Delivery (May 2, 2002), Cuyahoga Common Pleas Case No. 437887; Compoli v. EIP Limited (July 2, 2002), Cuyahoga Common Pleas Case No. 446780; Grady v. St. Cloud Mortgage (Mar. 7, 2003), Cuyahoga Common Pleas Case No. 484945; Jemiola v. XYZCorp, 126 Ohio Misc.2d 68, 2003-Ohio-7321.
[4] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[5] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[6] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[7] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[8] Id. at 293.
[9] 47 U.S.C. § 227(b)(1)(C).
[10] Rodger v. McDonald's Restaurants of Ohio, Inc. (1982),8 Ohio App.3d 256, 258; Forster v. Ohio Bureau of Workers' Comp. (1994),102 Ohio App.3d 744, 747; Lytle v. City of Columbus (1990),70 Ohio App.3d 99, 104; Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78, 83. *Page 1