[Cite as *Ferguson v. Demore*, 2016-Ohio-5620.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103289**

## BEVERLY FERGUSON

APPELLANT

vs.

## WILLIE L. DEMORE, ET AL.

APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-806433

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and S. Gallagher, J.
**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEY FOR APPELLANT**

John J. Schneider
Gerald R. Walton
Gerald R. Walton & Associates
6060 Rockside Woods Blvd.
Spectrum Bldg., Suite 200
Independence, Ohio 44131


**APPELLEE, PRO SE**

Willie L. Demore
4378 Neville Road
Cleveland, Ohio 44121

**APPELLEE, PRO SE**

John C. Ferguson, III
6009 White Pine Drive
Bedford Heights, Ohio 44146

**ALSO LISTED:**

**ATTORNEY FOR PLAINTIFF WOODS COVE II, L.L.C.**

Andrew M. Tomko
Law Office of Manbir S. Sandhu, L.L.C.
1213 Prospect Avenue, Suite 300
Cleveland, Ohio 44115

**ATTORNEY FOR DEFENDANT UNITED STATES OF AMERICA**

Marlon A. Primes
Assistant United States Attorney
Office of the United States Attorney
United States Courthouse, Suite 400
801 W. Superior Avenue
Cleveland, Ohio 44113

**ATTORNEY FOR DEFENDANT, STATE OF OHIO, DEPARTMENT OF TAXATION**

Michael DeWine
Attorney General of Ohio
BY: Donn D. Rosenblum
Assistant Attorney General
Ohio Attorney General's Office
Collections Enforcement Section
150 East Gay Street, 21st Floor
Columbus, Ohio 43215


**ATTORNEY FOR DEFENDANT, CUYAHOGA COUNTY TREASURER**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Adam D. Jutte
Assistant Prosecuting Attorney
310 West Lakeside Avenue
Courthouse Square, Suite 3000
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Cross-claim plaintiff-third-party plaintiff-appellant Beverly Ferguson("Ferguson") appeals from an order entered by the Cuyahoga County Court of Common Pleas granting her default judgment on her cross-claim against cross-claim defendant-appellee Willie Demore ("Demore") and her third- party complaint against third-party defendant-appellee John C. Ferguson, III ("John Ferguson") (collectively, "appellees"). Ferguson's claims against appellees arise out of John Ferguson's forgery of Ferguson's signature on a special power of attorney that John Ferguson then used, without Ferguson's knowledge or consent, to execute a warranty deed that transferred her undivided one-half interest in a parcel of real property they jointly owned, along with his own undivided one-half interest in the property, to Demore. Ferguson argues that the trial court erred in vacating the deed only as to the undivided one-half interest Ferguson had previously held in the property. She contends that the trial court should have vacated the deed in its entirety and awarded her the full interest in the property as compensation for the damages she sustained as a result of appellees' actions. For the reasons that follow, we affirm the trial court's judgment.

**Factual Background and Procedural History**

**{¶2}** In September 2001, Ferguson and her brother, John Ferguson, each received a one-half interest in a multi-family residence located at 3800 E. 149th Street in Cleveland (the "property") pursuant to a certificate of transfer issued by the Cuyahoga County Court of Common Pleas, Probate Division. In 2002, Ferguson and John Ferguson executed a mortgage on the property in favor of KeyBank National Association as security for a loan they obtained to make repairs on the property (the "mortgage"). Ferguson thereafter "enter[ed] into an extensive period of drug and substance abuse," "absented herself" from her family and the property and left John Ferguson "to care for the property" until late 2008 or early 2009 when she entered a drug treatment program.[1]

**{¶3}** On August 24, 2005, a special power of attorney, purportedly executed by Ferguson, appointed John Ferguson as her attorney-in-fact (the "special power of attorney"). The special power of attorney was recorded on November 18, 2005. Pursuant to the special power of attorney, John Ferguson executed a warranty deed on November 16, 2005, purporting to transfer both his undivided one-half interest in the property and Ferguson's undivided one-half interest in the property to Demore (the "deed"). The deed was recorded on November 18, 2005. Ferguson did not sign the special power of attorney and did not otherwise authorize the transfer of her undivided one-half interest in the property to Demore or anyone else. John Ferguson had forged her name on the special power of attorney.

---

[1]The "facts," as stated herein, are based on the facts alleged in Ferguson's cross-claim and third-party complaint.

{¶4} On April 29, 2013, Woods Cove II, L.L.C. ("Woods Cove") filed a complaint for foreclosure of the property based on tax lien certificates it had purchased for taxes owed on the property. Ferguson and Demore were among the defendants named in the action. The matter was referred to a magistrate "to try the issues of law and fact arising therein."

{¶5} On December 23, 2013, Woods Cove filed a motion for default judgment.[2] Ferguson filed an opposition to the motion and moved for leave to file an file an answer, counterclaim (against Woods Cove), cross-claim (against Demore)[3] and third-party complaint (against John Ferguson) instanter. The magistrate granted Ferguson's motion for leave, and Ferguson's answer, counterclaim, cross-claim and third-party complaint "with request for legal and equitable relief" was deemed filed as of January 9, 2014.

{¶6} In her counterclaim, Ferguson alleged that the foreclosure action was a "cloud upon her title" to the property and sought "in part to quiet the title to same." In her third-party complaint, Ferguson alleged that John Ferguson knew she was "not competent" to execute the special power of attorney because "she was thoroughly loss [sic] within the drug subculture" in 2005 and "did not enter transitory housing to help her achieve sobriety until very late in 2008 and/or early 2009." Ferguson further alleged that

[2]Woods Cove later withdrew the motion for default judgment as to Ferguson and Demore.

[3]Summary judgment was ultimately entered in favor of Woods Cove against Ferguson, and Demore signed a consent judgment entry in favor of Woods Cove. Ferguson and Demore entered into redemption payment plan agreements with Woods Cove, and Ferguson's counterclaim for damages against Woods Cove was dismissed without prejudice.

John Ferguson provided the forged special power of attorney to Demore with the expectation that Demore would rely on it because John Ferguson was Ferguson's brother. Ferguson claimed that John Ferguson's actions "exposed her to unnecessary litigation to defend her lawful interests in the real property; defrauded her of her rightful property interests and clear title; and defrauded her of monies which were or could have been earned from the property."

{¶7} In her cross-claim against Demore, Ferguson alleged that Demore (or others acting on his behalf) "knew or should have known," "upon examining the necessary documents within the chain of title," that (1) Ferguson's signature on the special power of attorney did not match her signature on the mortgage and (2) the special power of attorney was not recorded at the time the deed was executed. Ferguson further alleged that Demore "knowingly and/or recklessly" caused a "cloud upon [her] title" to the property and damaged her interest in the property by failing to pay property taxes due on the property and by renting the property and retaining the rent payments.

{¶8} In the prayer to her counterclaim against Woods Cove, Ferguson requested the following relief:

> WHEREFORE, Counterclaim Plaintiff Beverly A. Ferguson respectfully prays for judgment in her Counterclaim to quiet title to the property identified by Cuyahoga County, Ohio Permanent Parcel No. 139-13-026; and prays this Honorable Court to restore to her the proper title to the property cleared of Plaintiff's and the other parties' attempts and efforts to besmirch her title to same. Counterclaim Plaintiff prays for judgment in excess of Twenty-Five Thousand Dollars ($25,000.00) and/or the complete restoration of her real property interests which have been degraded; necessary attorney fees, and any and all further actual and/or equitable relief this Honorable Court finds to be warranted.

{¶9} In the prayer to her third-party complaint against John Ferguson, Ferguson requested the following relief:

> WHEREFORE, the Third Party Plaintiff respectfully requests judgment against the Third Party Defendant as and for damages due to his fraudulent actions undertaken while she was incompetent due to chronic uncontrolled drug abuse and addiction; which actions wrongfully alienated and/or transferred her lawful property interests; and which actions caused her to be damaged economically; and which actions caused her to be required to incur attorney's fees so as to vindicate her lawful property interests which were fraudulently taken from her. The Third Party Plaintiff prays for judgment for all her damages to her interest(s) in an amount well in excess of, or greater than Twenty Five Thousand Dollars ($25,000.00). The Third Party Plaintiff further asks for an award of attorney's fees and interest upon her damages and further requests reimbursement up to and including recovery of her total real property interests.

{¶10} In the prayer to her cross-claim against Demore, Ferguson requested the following relief:

> WHERE[FORE], Cross Claim Plaintiff Beverly A. Ferguson, by and through undersigned counsel, respectfully requests judgment against Cross Claim Defendant Willie L. Demore that he has knowingly and/or recklessly caused a cloud upon the title of Beverly A. Ferguson to the subject property. Beverly A. Ferguson, by and through her counsel, respectfully seeks in excess of Twenty Five Thousand Dollars ($25,000.00) as for appropriate compensation for injuries to her real property interests. Cross Claim Plaintiff further requests this Honorable Court to quiet the title she holds or should hold to the same property. Plaintiff further requests that this Honorable Court find and hold that Cross Claim Defendant Willie L.

Demore knew or should have know[n] that the Special Power of Attorney was not filed of record when the Warranty Deed was effectuated; and that this an[d] other irregularities require a finding that Willie Demore was not a[n] "arm[']s-length" bona fide purchaser of the subject real property free of any defects in the chain of title. Plaintiff also requests that the Cross Claim Defendant be required to pay and/or redeemed [sic] the property taxes due and owning [sic], as well as an [sic] attorney fees awarded to the Plaintiff, if any.

**{¶11}** Demore and John Ferguson did not answer Ferguson's cross-claim or third-party complaint. On May 27, 2014, Ferguson filed a motion for default judgment against Demore and John Ferguson. A hearing was held on the motion[4] and, on September 17, 2014, the magistrate issued his decision granting Ferguson's motion for default judgment against Demore on her cross-claim and against John Ferguson on her third-party complaint. The magistrate stated that although Ferguson had characterized her claims against Demore and Ferguson as "quiet title actions," he considered her claims as claims for declaratory judgment under R.C. 2721.03 because she was without title or possession of the property and, therefore, could not validly prosecute a quiet title action. The magistrate further stated that because appellees had failed to answer the cross-claim or third-party complaint, they were deemed to have admitted Ferguson's allegations

---

[4]Demore appeared at the hearing on Ferguson's motion for default judgment. Although counsel had previously filed a stipulation for leave to pled on his behalf, Demore's counsel did not appear at the hearing. John Ferguson did not appear.

regarding their knowledge of the facts surrounding the execution of the special power of attorney and the deed, "premised, in part, on the specious Special Power of Attorney."

{¶12} Based on these admitted facts, the magistrate declared the special power of attorney to be void and determined that Ferguson was entitled to (1) a declaratory judgment invalidating the transfer of her undivided one-half interest in the property to Demore and (2) a partial vacation of the deed "as pertains only to the undivided one-half interest that she previously held." However, the magistrate determined that the remaining one-half interest in the property that had been previously held by John Ferguson would remain held by Demore. The magistrate concluded that there was "no basis in law or equity for stripping an otherwise valid property interest from one individual and granting it to another individual damaged by the fraudulent actions of the first" and pointed out that Ferguson had not cited any authority supporting the imposition of such a remedy. With respect to Ferguson's claim for damages, the magistrate noted that although Ferguson had sought "significant money damages" from appellees "as compensation for the injuries caused to her property interests," the record contained no evidence of the amount of money damages, if any, she sustained as a result of appellees' actions. Accordingly, the magistrate made no findings concerning the amount of damages, if any, due Ferguson.

{¶13} Demore filed objections to the magistrate's decision and a motion for leave to file an answer to the cross-claim instanter. Demore claimed that (1) he was not properly served with the cross-claim and did not have timely notice of the hearing on

Ferguson's motion for default judgment; (2) he was denied an opportunity to defend against Ferguson's claims or to secure attorney representation; (3) the magistrate's decision made findings of fact and conclusions of law that exceeded the scope of Ferguson's cross-claim; and (4) the magistrate's decision granted Ferguson a windfall because Demore had satisfied various pre-existing liens when he acquired the property and made improvements, mortgage debt payments and tax payments on the property that benefitted Ferguson's one-half interest in the property.

{¶14} Ferguson also filed objections to the magistrate's decision. She argued that the magistrate erred in vacating only the transfer of her undivided one-half interest in the property to Demore and asserted, based on law governing fraudulent conveyances, that the transaction should have been declared void ab initio and vacated in its entirety. She maintained that "because of his illegal and fraudulent actions," the undivided one-half interest in the property previously held by John Ferguson could not "legally and equitably" be returned to John Ferguson and that it, therefore, should have been awarded to Ferguson along with her own undivided one-half interest in the property. Ferguson argued that "given the very unique facts of this case," the court could award her "title to the total property" "by way of [a constructive] trust." Ferguson also requested that she be permitted to supplement the record with evidence of the rental income she had lost as a result of appellees' actions or, alternatively, that the court schedule a hearing on damages.

{¶15} The trial court denied Demore's motion for leave to answer Ferguson's cross-claim and issued a judgment entry overruling Demore's and Ferguson's objections

and adopting the magistrate's decision. With respect to Ferguson's objections, the trial court reasoned that Ferguson's attempt to assert a fraudulent conveyance argument for the first time through her objections was "procedurally improper," that the facts of the case were not "within the context of current Ohio law involving fraudulent conveyances" and that Ferguson had otherwise "failed to provide any basis in either law or fact" to support her contention that she should have received the undivided one-half interest in the property previously held by John Ferguson in addition to the undivided one-half interest she had previously held in the property. With respect to Demore's objections, the trial court indicated that Demore had failed to present any evidence in support of his claim that he was not properly served with Ferguson's cross-claim and that the record supported the conclusion that he had been served with the cross-claim and had notice of the default hearing and that he had, in fact, appeared at the hearing.

{¶16} The trial court concluded that the magistrate's entry of a declaratory judgment, invalidating the transfer of Ferguson's interest in the property, was "proper." The trial court vacated the special power of attorney in its entirety, declared the deed void to the extent it transferred Ferguson's interest in the property to Demore and ordered that the special power of attorney and any interest of Demore in the property derived from the deed's purported transfer of title from Ferguson to Demore be canceled and released. The trial court further held that Ferguson could present evidence to support her claim for damages and that a hearing on damages could be scheduled, if necessary.

{¶17} On April 27, 2015, the magistrate held a hearing on Ferguson's claim for damages. Demore and John Ferguson did not attend and were not represented by counsel at the hearing. Ferguson presented testimony from Hussam Allam, a licensed real estate agent and owner of a property management company, in support of her claim for damages. Allam stated that Ferguson had sustained $27,446.43 in damages (not including litigation costs and expenses) as result of John Ferguson's improper transfer of her interest in the property to Demore. Allam opined that the property could have generated $875 a month in rental income and that Ferguson's one-half share of that income during the nine years Demore held her interest in the property totaled $47,250. From that amount, Allam subtracted the benefit Ferguson received from Demore paying off the mortgage and other liens when he purchased the property, then added in unpaid property taxes and water– sewer assessments that Demore had failed to pay during the time he held the full interest in the property. Although Allam indicated that he was not an appraiser, he estimated that the current market value of property was $35,000-$40,000. He also indicated that there were in excess of $100,000 in liens on the property[5] and that, because of these liens, the property was readily marketable for its true value. Ferguson's counsel also testified at the hearing regarding the amount and basis for the attorney fees Ferguson incurred in connection with the case. After the hearing, Ferguson

---

[5]It is unclear from the record how Allam determined the total liens against the property. He testified that $100,000 was "a hypothetical figure that I came up with." However, because neither Demore nor John Ferguson attended the hearing, no evidence was presented contradicting Allam's testimony.

submitted an affidavit from attorney Orville E. Stifel II, opining as to the reasonableness of Ferguson's attorney fees.

{¶18} Following his and Allam's testimony, Ferguson's counsel informed the court that Ferguson would accept the remaining one-half interest in the property held by Demore, i.e., the one-half interest in the property previously held by John Ferguson, in lieu of a judgment against Demore for the $27,446.43 in damages she sustained. The magistrate rejected Ferguson's proposal, indicating that Ferguson could not, "at the last minute," "essentially pull the rug out from under the court and the other parties who were not on notice" and seek "new relief" that had not been requested in her pleadings. The magistrate indicated that he was "not going to stand for" Ferguson's attempt to "amend [her pleadings] at this hearing."

{¶19} On June 17, 2015, the magistrate issued a decision awarding Ferguson $27,446.43 in damages against Demore and $9,885.00 in attorney fees against Demore and John Ferguson, jointly and severally. Once again, Ferguson filed objections to the magistrate's decision, claiming that she was entitled to the remaining one-half interest in the property held by Demore. She argued that because Demore was "judgment proof," because the $27,446.43 monetary judgment awarded Ferguson against Demore "vastly exceeds of half of the total value of the property" and that because she "had no ready means" to sell her half-interest in the property for "anything near its objective market value" or to derive income from the property due to the judgment liens and claims of Demore's creditors, the "only means of truly making her whole" and to avoid Demore

from causing further damage to her property interests was to award the full interest in the property to her. On July 24, 2015, before the trial court ruled on her objections, Ferguson filed a notice of appeal.

{¶20} Pursuant to App.R. 4(B)(2) and App.R. 9(E), this court remanded the case for the trial court to rule on Ferguson's objections. On March 8, 2016, the trial court overruled Ferguson's objections and adopted the magistrate's decision, concluding, based on Civ.R. 54(C) and 55, that Ferguson was limited to the relief she had demanded in her pleading and reasoning as follows:

> [T]he Court finds that Ferguson's answer/counterclaim/ cross- claim/third-party complaint demanded "appropriate compensation for injuries to her real property interests," in an amount exceeding $25,000.00, from both defendant Willie Demore ("Demore") and third-party defendant John Ferguson III ("Ferguson III"). The Court also finds that Ferguson's pleading lacks any specific demands that the half-interest in the property at issue currently held by Demore be transferred to her, as compensation for the damages she alleged incurred as result of the actions of Demore and Ferguson III. The Court notes that Ferguson obtained default judgments against Demore and Ferguson III, following their failure to respond to her pleading. While Ferguson argues, in the Objection, that the transfer of Demore's half-interest to her was contemplated by the statement included in her pleading that demanded "appropriate compensation for injuries to her real property interests," the Court notes that the full demand for damages requested "appropriate compensation for injuries to her real property interests" in an amount exceeding $25,000.00, and did not specifically demand transfer of Demore's half-interest to her. The Court finds, therefore, that the award of damages entered by the Court in favor of Ferguson is limited to the monetary damages demanded in her pleading. The Court further finds that Ferguson is not entitled, as part of her award of damages, to transfer of Demore's half interest in the property at issue, to her.

{¶21} Ferguson has raised the following three assignments of error for review:

Assignment of Error No. 1:

The magistrate erred by not totally vacating the fraudulently obtained deed. (Magistrate's Decision September 17, 2014)

Assignment of Error No. 2:
The magistrate erred by letting crossclaim defendant Willie Demore retain a benefit obtained through fraud. (Magistrate's Decisions – September 17, 2014 and June 17, 2015)

Assignment of Error No. 3:
The magistrate erred by denying Beverly Ferguson full equitable relief up to and including the complete restoration of her property interests as demanded in her counterclaim and third-party complaint prayers for relief. (Magistrate's Decision – June 17, 2015)

**Law and Analysis**

**{¶22}** Ferguson's assignments of error are interrelated. We, therefore, address them together. Ferguson argues that the trial court erred in vacating the deed only as to the undivided one-half interest she had previously held in the property and awarding her damages against Demore. She contends that the trial court should have instead vacated the deed in its entirety and, in lieu of damages, awarded her the full interest in the property, i.e., not only the undivided one-half interest she had previously held in the property but also the undivided one-half interest John Ferguson had previously held in the property.

**{¶23}** Ferguson asserts that the trial court should have "vacate[d] the deed in whole" because (1) Demore knew John Ferguson's signature on the deed as Ferguson's attorney-in-fact was fraudulent, the "whole deed was fraudulent" and (2) the mortgage lien had to be "extinguished" before Demore could acquire an interest in the property and

the mortgage lien could not be extinguished unless the entire property was purchased. These arguments are meritless.

{¶24} First, there has been no claim that John Ferguson lacked authority to transfer his undivided one-half interest in the property to Demore or that his transfer of his one-half interest in the property was otherwise fraudulent. Even if the trial court had erred in vacating the deed in part, rather than in total, it would not have provided a basis for transferring the one-half interest in the property previously held by John Ferguson to Ferguson. If the trial court were to have vacated the deed in total, the one-half property interest that John Ferguson had previously held would have reverted back to John Ferguson. Ferguson cites no authority that supports her contention that if the entire deed were to have been vacated, she would have been entitled to receive the full interest in the property. Second, there is nothing in the record that supports Ferguson's claim that "extinguish[ment]" of the mortgage lien was dependent on Demore purchasing a full interest in the property. The mortgage lien could have been "extinguished" at any time simply by paying off the mortgage.

{¶25} Ferguson also contends that the trial court erred in determining that she was not entitled to an award of the full interest in the property based on Civ.R. 54(C). She asserts that her one-half undivided interest in the property is essentially worthless so long as Demore owns the other one-half undivided interest in the property and that the trial court should have, therefore, granted her an equitable remedy for Demore's fraud in the

form of a constructive trust on the undivided one-half interest in the property previously held by John Ferguson.

**{¶26}** A constructive trust is a """"trust by operation of law which arises * * * against one who, by fraud, actual or constructive, * * * or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.""" *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, ¶ 18, quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 225, 459 N.E.2d 1293 (1984), quoting 76 American Jurisprudence 2d, Trusts, Section 221, at 446, (1975); *see also Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 39. It is "'the formula through which the conscience of equity finds expression.'" *Ferguson* at 225, quoting *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378 (1919). By imposing a constructive trust, the court orders a person who owns the legal title to property to hold or use the property for the benefit of another, or to convey the property to another, to avoid unjust enrichment. *Everhard v. Morrow*, 8th Dist. Cuyahoga No. 75415, 1999 Ohio App. LEXIS 5705, *7-9 (Dec. 2, 1999). The party seeking to have a constructive trust imposed "'bears the burden of producing clear and convincing evidence justifying it.'" *Cowling* at ¶ 23, quoting *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, paragraph three of the syllabus.

**{¶27}** "In all cases a judgment by default is subject to the limitations of Rule 54(C)." Civ.R. 55(C); *see also Bransky v. Shahrokhi*, 8th Dist. Cuyahoga No. 84262,

2005-Ohio-97, ¶ 12. "The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff or a party who has pleaded a cross-claim or counterclaim." Civ.R. 55(C). Civ.R. 54(C) provides, in relevant part: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Although a trial court's decision whether to grant a motion for default judgment is reviewed under an abuse of discretion standard, the question of whether the relief awarded by trial court on a default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is a question of law, which we review de novo. *Bransky* at ¶ 12; *see also Masny v. Vallo*, 8th Dist. Cuyahoga No. 84983, 2005-Ohio-2178, ¶ 15 ("Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).").

{¶28} Ferguson claims that the trial court had authority to award her the full interest in the property or to impose a constructive trust under Civ.R. 54(C) because she "prayed for recovery of her total property interests in both her counterclaim and third-party complaint" and because the "mere return" of her former undivided one-half interest in the property and money damages "did not make her whole." In support of her contention, she points specifically to: (1) her demand, in the prayer to her answer to Woods Cove's complaint, for "appropriate legal and equitable relief for her defense against Plaintiff's action"; (2) her demand, in the prayer to her counterclaim against

Woods Cove, for "the complete restoration of her real property interests which have been degraded * * * and any and all further actual and/or equitable relief this Honorable Court finds to be warranted"; and (3) the demand, in her prayer to her third-party complaint against John Ferguson, for "reimbursement up to and including recovery of her total real property interests."

{¶29} Ferguson asserts that the facts in this case "do not readily lend themselves to some strict [Civ.R.] 54(C) analysis," that the demands in her answer, counterclaim and third- party complaint were sufficient to satisfy Civ.R. 54(C) and that this court should not apply Civ.R. 54(C) so as to lead to an "absurd" result.

{¶30} Here, the relevant prayer for relief was the prayer in Ferguson's cross-claim against Demore not the prayers in Ferguson's answer and counterclaim or third-party complaint. The relief requested in Ferguson's answer and counterclaim related to the claims by and against Woods Cove, not Demore. The trial court granted summary judgment against Ferguson on her claim against Woods Cove and, after Ferguson filed a notice of dismissal of her "claim for damages asserted solely against [Woods Cove]," dismissed her counterclaim against Woods Cove without prejudice. The relief demanded in the third-party complaint related to Ferguson's claim against John Ferguson. Ferguson cites to nothing in her cross-claim that she contends satisfies Civ.R. 54(C) as it relates to her claim that she is entitled to the undivided one-half interest in the property currently held by Demore in lieu of the damages she was awarded against him.

**{¶31}** Even if we were to consider the demands in Ferguson's answer, counterclaim and third-party complaint in evaluating whether the relief Ferguson seeks against Demore was authorized under Civ.R. 54(C), these, at most, provided Demore with notice that Ferguson was seeking "the complete restoration of *her* property interests which have been degraded." (Emphasis added.) Ferguson never held more than an undivided one-half interest in the property. "*[H]er* property interests" were, therefore, limited to the one-half property interest she held in the property prior to the purported transfer of that interest to Demore. (Emphasis added.) There is nothing in the answer, counterclaim, cross-claim or third-party complaint that put Demore on notice that he could potentially lose not only the undivided one-half interest in the property previously held by Ferguson, but also the other undivided one-half interest in the property previously held by John Ferguson — as to which Ferguson never held any interest — if he defaulted on Ferguson's cross-claim.

**{¶32}** Ferguson asserts that Demore was "put on notice," through the prayer to her cross-claim, that she was seeking "in excess of Twenty Five Thousand Dollars ($25,000)" against him "as for appropriate compensation for her injuries to her real property interests." She argues that since her expert testified at the damages hearing that Demore's one-half interest in the property is currently worth only $17,500 to $20,000, Demore could not "be surprised" if the trial court had awarded Ferguson the remaining one-half interest Demore holds in the property in lieu of money damages, given that

Demore's undivided one-half interest in the property is worth much less than the $27,446.43 in money damages the trial court determined she was entitled to receive.

{¶33} "Civ.R. 54(C) is 'clear on its face.'" *First Natl. Bank v. NE Port Invests., LLC,* 6th Dist. Ottawa No. OT-14-027, 2015-Ohio-558, ¶ 22, quoting *Bishop v. Grdina*, 20 Ohio St.3d 26, 28, 485 N.E.2d 704 (1985). It prohibits a judgment by default that exceeds the amount prayed for in the demand or that is "different in kind" from the relief prayed for in the demand. Civ.R. 54(C); *see also Fors v. Beroske*, 6th Dist. Fulton No. F-12-001, 2013-Ohio-1079, ¶ 13-18 (where plaintiff demanded partition, appointment of a commissioner to facilitate sale of the property, appraisal, advertisement and sale of the property, distribution of the proceeds of sale, attorney fees, litigation expenses and costs in action to partition the parties' interests in a resort timeshare but made no request for money damages or indemnity, the trial court erred in awarding $6,500 in damages to the plaintiff and in ordering the defendant to hold plaintiff harmless from all debts and obligations associated with the mortgage loan and other expenses related to the property); *Lopez v. Quezada*, 10th Dist. Franklin Nos. 13AP-389 and 13AP-664, 2014-Ohio-367, ¶ 24 (where plaintiff did not demand punitive damages in the complaint, defendant had no notice that he could be liable for such damages and, under Civ.R. 54(C), the default judgment could not award plaintiff punitive damages); *Arendt v. Price*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, ¶ 9-11 (trial court properly limited plaintiff's award of damages to the time period governing the lease attached to the complaint; plaintiff was "only entitled to recover damages on the claim that she pled in her

complaint"); *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7-9 (4th Dist.) (trial court erred in entering a default judgment against two defendants for damages caused by destruction of garage where plaintiffs did not request a judgment against the defendants for those damages); *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 2, 8, 11 (trial court erred in granting bank default judgment and awarding damages against guarantor on a line of credit because complaint contained demand for judgment only against borrower and not against guarantor); *Masny*, 2005-Ohio-2178, at ¶ 16 (trial court's award of damages that exceeded amount of damages demanded in complaint "contravened the spirit of Civ.R. 54(C)").

{¶34} Broad, general "catchalls" by a plaintiff that he or she is entitled to all remedies at law and equity or such relief as may be just and equitable do not negate Civ.R. 54(C) or otherwise entitle a plaintiff to relief exceeding that specified in a complaint or other pleading. *First Natl. Bank* at ¶ 28 ("Although simply pleading that one is entitled to 'all remedies at law and equity' or praying for 'such relief as may be just and equitable' may ordinarily suffice to entitle a party to relief not specifically requested, * * * it does not suffice where relief is granted pursuant to the entry of a default judgment."); *Buckley v. Lucas*, 5th Dist. Perry No. 98CA14, 1999 Ohio App. LEXIS 2702, *4 (June 8, 1999) (language in complaint demanding "such relief as may be just and equitable" did not entitle plaintiff to damages exceeding those specified in the complaint because such language was "insufficient" to put the defaulting defendant on notice of potential liability for such amounts).

**{¶35}** The purpose of Civ.R. 54(C)'s limitation on default judgments is "to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action." *Arendt* at ¶ 10, quoting *Shuman* at ¶ 11. Subjecting a defendant to an additional, unpled loss or liability for failing to answer a pleading, as Ferguson suggests should have been done here, would violate both the civil rules and fundamental due process. *Masny* at ¶ 18 ("The Civil Rules, along with fundamental due process, require that a defendant not be subjected to an additional, unpled monetary liability as a consequence of his failure to answer a complaint.").

**{¶36}** As in the cases cited above, Ferguson was entitled only to the relief on default judgment that she demanded in her pleading. Because she did not include a demand for a transfer of the undivided one-half interest in the property previously held by John Ferguson, imposition of a constructive trust or even a general request for equitable relief in her cross-claim against Demore, the trial court properly concluded that Ferguson was not entitled to have Demore's remaining undivided one-half interest in the property transferred to her.[6]

---

[6]We are sympathetic to Ferguson's claim that the trial court's decision — which leaves Ferguson with an undivided one-half interest in property that is encumbered by liens and an allegedly uncollectible money judgment — does not "truly mak[e] her whole." However, as a result of the trial court's declaratory judgment ruling, she has regained title to an undivided one-half interest in the property and may pursue avenues for further relief as appropriate.

**{¶37}** Accordingly, Ferguson's first, second and third assignments of error are overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR